**FILED**
**Nov 03, 2023**
**12:07 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **MICHAEL DAY,** | ) | **Docket Number: 2023-03-00128** |
| **Employee,** | ) | |
| **v.** | ) | |
| **GOLD CREEK FOODS, LLC.,** | ) | **State File Number: 86263-2022** |
| **Employer,** | ) | |
| **and** | ) | |
| **GREAT AMERICAN ALLIANCE** | ) | **Judge Brian K. Addington** |
| **INSURANCE COMPANY,** | ) | |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

The Court held an expedited hearing on October 28, 2023, at Mr. Day's request that the Court order medical benefits for his alleged work injury. After reviewing the evidence, the Court finds Mr. Day is likely to prove at a hearing on the merits that he is entitled to additional medical benefits.

### Claim History

Mr. Day testified that he injured his back on November 29, 2022. He stated he was lifting and transporting fifty-pound bags of food seasonings onto a pallet and eventually into a cooler. However, a stainless-steel table prevented him from moving the bags of seasonings with his forklift, so he moved the table to clear a path. When he did, a clamp fell from it, and when he bent over to pick it up, he felt pain in his back.

Because the injury occurred at the end of his shift, Mr. Day testified he was unable to find a supervisor to whom he could report the injury. So he left, hoping the pain would subside, but it worsened as he drove home. He later went to an emergency room and was discharged early the next day.

After he left the emergency room, he went to Gold Creek and waited for his supervisor to report the injury. He testified that someone in human resources told him he

1

could not file a claim because he did not report his injury the same day it happened. He testified that he returned to Gold Creek the next day and was given a panel, from which he selected Dr. Kevin Bailey. He never saw Dr. Bailey, but a nurse practitioner, Lindsey Lundquist, who referred him back to his primary care doctor to obtain an MRI. Dr. Bailey did not sign her records, and no proof suggests he saw them.

Mr. Day's medical records and witnesses for the employer painted a slightly different picture. Specifically, an emergency room provider recorded that [p]atient stated that he did heavy lifting yesterday at work, fifty-pound bags . . . stated he awoke with severe radiculopathy in his right leg." Another notation included that Mr. Day's pain started "yesterday . . . after lifting stuff at work."

Ms. Lundquist wrote in her office note that "[p]atient states he had to move a sheet of metal to one side. Patient states when he did this, a clamp fell onto the ground. Patient bent down to pick this up and felt an immediate grabbing pain to his right lower back." She also noted that the pain worsened on the way home, and he went to the emergency room.

Mr. Day's own nurse practitioner wrote, "Patient states on [November 30, 2022] he was moving a pallet at work and hurt himself."

Witnesses from Gold Creek also testified supervisors were at work on the date of injury to whom Mr. Day could have reported the injury, and he violated work rules by failing to do so. Supervisors were also displeased when they gave him the second panel, and he left work without telling them. They eventually fired him for failing to return to work. Gold Creek denied the claim on December 16, primarily because of Mr. Day's differing versions of the injury.

Mr. Day argued that he told the providers exactly what happened and could not control what they wrote in his records. He contended that he was able to identify when and how the injury occurred. He requested an orthopedic panel to evaluate his back. Gold Creek countered that it rightfully denied Mr. Day's claim because he gave differing versions of how he injured his back.

**Findings of Fact and Conclusions of Law**

To prevail, Mr. Day must prove he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2023). Specifically, Mr. Day must show that his injuries arose primarily out of and in the course and scope of his employment and prove a work-related incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(12)(A).

2

Mr. Day's medical records differ from his testimony and Rule 72 declaration. However, enough similarities exist between the records and his testimony under the lesser standard of proof at this expedited hearing to show that he is entitled to a panel of physicians.

Gold Creek provided a panel, from which Mr. Day chose Dr. Bailey. However, when he went to Dr. Bailey's office, he never saw him, only a nurse practitioner. Additionally, Gold Creek's denial of the claim stopped the authorized medical provider from offering additional treatment.

The Court finds at this interlocutory stage that Mr. Day has offered sufficient evidence to show that he is entitled to see Dr. Bailey. Dr. Bailey did not see Mr. Day or sign off on the records of Nurse Lundquist. It follows then that Gold Creek shall authorize Dr. Bailey to see Mr. Day. Gold Creek shall give copies of all of Mr. Day's medical records to Dr. Bailey before the appointment.

It is **ORDERED** as follows:

1. Gold Creek shall authorize an appointment with Dr. Kevin Bailey as soon as possible and supply all his medical records regarding this incident to Dr. Bailey.

2. A status hearing is scheduled for **Tuesday, December 5, 2023**, **at 2:00 p.m. Eastern Time**. The parties must call **855-543-5044** to participate. Failure to call may result in a determination of issues without a party's participation.

3. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, contact the Workers' Compensation Compliance Program via email at WCCompliance.Program@tn.gov.

**ENTERED November 3, 2023.**

/s/ Brian K. Addington
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

**Appendix**

Exhibits:

1. Mr. Michael Brian Day, Jr.'s Rule 72 Declaration
2. Mr. Michael Lee Day's Rule 72 Declaration
3. Wage Statement
4. Notice of Denial
5. Notice of Employee Termination/Separation
6. Patient Ledger (Mountain People's Health Councils, Inc.)
7. Medical records Tennova LaFollette Medical Center
8. Medical records of Lindsey Lundquist, FNP (Jacksboro Clinic)
9. Medical records Methodist Medical Center
10. Medical records Mountain People's Health Councils, Inc.
11. Work Status Note of Ortho Tennessee
12. Gold Creek Treatment of First Aid Injuries Form
13. Physician Panel
14. Gold Creek Employment Application

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request
4. Status Hearing Order (May 17, 2023)
5. Status Hearing Order (May 17, 2023) (Duplicate)
6. Status Hearing Order (July 20, 2023)
7. Hearing Request
8. Order Denying Request for Record Review
9. Employee's Position Statement
10. Employee's Brief in Support of Employee's Request for Expedited Hearing
11. Employer/Carrier Opposition to Decision on the Record

**CERTIFICATE OF SERVICE**

I certify that a correct copy of this Order was sent on November 3, 2023.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Timothy Roberto, | | | X | troberto@brownandroberto.com |

4

| | | | | |
|---|---|---|---|---|
| Employee's Attorney | | | | cmagnusson@brownandroberto.com<br>mgonzalez@brownandroberto.com |
| Gerard Jabaley,<br>Employer's Attorney | | | X | gjabaley@wimberlylawson.com<br>aburge@wimberlylawson.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
[www.tn.gov/workforce/injuries-at-work/](www.tn.gov/workforce/injuries-at-work/)
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*